ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE REEVES, #05092959, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1364-R |
| | ) | ECF |
| BRANDON, et al., | ) | |
|     Defendants. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983. Plaintiff is seeking leave to proceed *in forma pauperis*.

Parties: Plaintiff is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are Jailor Brandon, Nurse Hunt, Nurse Clark, and Sheriff Valdez. The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a

prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim upon which relief may be granted. In applying the "three-strike" provision of § 1915(g), a court may consider case dispositions that occurred prior to the effective date of the PLRA. <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).

Plaintiff concedes filing one prior action in the Tyler Division of the Easter District of Texas styled as <u>Joe Reeves v. Pettcox</u>. (Complaint at 2). A search of the U.S. Party Case Index reflects the above case was filed by Joe Reeves, TDCJ #591205, and assigned Cause No. 6:92-CV-174. The above search also reflects that the same litigant filed at least 4 additional actions and at least two appeals, which were dismissed in whole or in part as frivolous. The actions are described *seriatim*:

> 1. <u>Joe Reeves, #591205 v. Warden Plentl, et al.</u>, 6:92cv0561 (E.D. Tex., Tyler Div. filed on September 1, 1992). <u>See</u> January 19, 1993 Order of Adoption and Judgment dismissing complaint with prejudice for purposes of proceeding *in forma pauperis*.
>
> 2. <u>Joe Reeves, # 591205 v. H. Barrera et al.</u>, 3:94cv0366 (S.D. Tex., Galveston Div., filed on June 6, 1994). <u>See</u> November 22, 1995, Order adopting Report and Recommendation and Judgment dismissing case without prejudice under former 28 U.S.C. § 1915(d).
>
> 3. <u>Joe Reeves v. Frank Novak, et al.</u>, 3:96cv0025 (S.D. Tex., Galveston Div., filed on January 17, 1996). <u>See</u> September 17, 1996, Order adopting Report and Recommendation and Judgment dismissing case with prejudice as frivolous, and March 18, 1997 order of the Fifth Circuit Court of Appeals dismissing the appeal as frivolous.[1]

---

[1] The docket sheet for No. 3:96cv0025 lists the prisoner number as 541205 instead of 591205. It appears that this may have been a typographical error, because Case No. 3:96cv0025 is listed as a strike on the Three Strike/Sanction list maintained in the Eastern District of Texas under prisoner number 591205.

    4. Joe Reeves, #591205 v. Frank Novak, et al., 3:96cv0358 (S.D. Tex., Galveston Div. filed on June 21, 1996). See September 24, 1997 Order adopting Report and Recommendation and Judgment dismissing case because barred by Heck v. Humphrey and Edwards v. Balisok; and June 17, 1998 Order of the Fifth Circuit Court of Appeals dismissing the appeal as frivolous.

When a district court dismisses a case as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. See Adepegba, 103 F.3d 383, 387-88; 28 U.S.C. § 1915(g) (covering dismissals as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted"). The same applies to Heck dismissals. See German v. Baker, 124 Fed. Appx. 257, *1 (5th Cir. 2005) (holding that district court's Heck dismissal counted as a strike); Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (same); Hamilton v. Lyons, 74 F.3d 99, 102 (1996) (§ 1983 claim which falls under Heck is legally frivolous). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. Id.; Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462 (5th Cir. 1998).

Applying Adepegba to Plaintiff's prior *in forma pauperis* actions, it is clear that he has accrued at least three "strikes" under § 1915(g). Plaintiff accumulated one "strike" for each dismissal in the four district court actions summarized above. He accumulated two additional "strikes" for the dismissal of the frivolous appeals stemming from cause numbers 3:96cv0025 and 3:96cv0358.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury." Plaintiff's complaint, which complains about delay in changing bandages for a burn that he characterizes as "not that big of a deal," and challenges his removal

3

from trustee status in retaliation for having filed a grievance, presents no claim that he was in danger of physical injury at the time of filing the complaint. See Carson v. Johnson, 112 F.3d 818, 822-823 (5th Cir. 1997); Adepegba, 103 F.3d at 388. See also Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). Therefore, Plaintiff's complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g) and his request for leave to proceed *in forma pauperis* should be denied. Plaintiff should be given an opportunity to pay the full filing fee of $350.00 or his action will be dismissed as barred by three strikes. See Adepegba, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff's request for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and directing that this action be dismissed pursuant to § 1915(g) unless Plaintiff tenders the $350.00 filing fee within 10 days of the District Court's order.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of August, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.

4

1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.